# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHANE T. ROBBINS,**

    **Plaintiff,**

    v.                                                                        Case No. 16-CV-1127

**JOHN SCHETTLE and ANN SCARPITA,**

    **Defendants**.

## SCREENING ORDER

The plaintiff, Shane T. Robbins, who is incarcerated at Waupun Correctional Institution, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). He has been assessed and paid an initial partial filing fee of $21.16. *See* 28 U.S.C. § 1915(b)(1).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHANE T. ROBBINS,**

    **Plaintiff,**

    v.                                                 Case No. 16-CV-1127

**JOHN SCHETTLE and ANN SCARPITA,**

    **Defendants**.

## SCREENING ORDER

The plaintiff, Shane T. Robbins, who is incarcerated at Waupun Correctional Institution, is representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. This matter comes before the court on plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). He has been assessed and paid an initial partial filing fee of $21.16. *See* 28 U.S.C. § 1915(b)(1).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at

2

679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that defendant Dr. Schettle removed his gum tissue without numbing his mouth, causing him great pain. According to plaintiff, when Dr. Schettle began to grind away at his teeth without Novocain, his assistant saw plaintiff shaking frantically in pain and asked Dr. Schettle, "what are you doing? He hasn't been numbed." (Docket # 1-1 at 1.) Dr. Schettle allegedly responded, "He'll be fine," and continued grinding. (*Id.*) Plaintiff alleges that he felt like he was being electrified.

Plaintiff also alleges that he tried to obtain statements regarding the incident, but was unable to do so. His mail was sent to defendant Health Service Manager Ann Scarpita. Plaintiff has reviewed his medical records, but cannot find anything from that dental visit.

3

Plaintiff claims that the "evil act of removing gum tissue without numbing" violated his rights under the Eighth Amendment. (Docket # 1 at 2.) For relief, he seeks compensatory and punitive damages. Plaintiff also seeks declaratory relief. He further seeks a preliminary and permanent injunction ordering Dr. Schettle to lose his license and to pay for plaintiff's upper and lower implants by a professional outside of the prison.

The court finds that the plaintiff may proceed on an Eighth Amendment claim against Dr. Schettle. *See McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976); *Johnson v. Doughty*, 433 F.3d 1001, 1018-19 (7th Cir. 2006)). However, plaintiff may not proceed against defendant Scarpita because she is not alleged to have been personally involved in the incident. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

Preliminary Injunction

As stated above, plaintiff seeks a preliminary injunction ordering Dr. Schettle to lose his license and to pay for dental implants for plaintiff. To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

4

Here, plaintiff has not demonstrated a sufficient likelihood of success on the merits at this early stage. Moreover, plaintiff has not shown that he will suffer irreparable harm without the injunction. Accordingly, I will deny plaintiff's request for a preliminary injunction.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Scarpita is **DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, a copy of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $328.84 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Warden of the Waupun Correctional Institution.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2016.

**BY THE COURT:**

s/ Lynn Adelman

_____

LYNN ADELMAN
United States District Judge